UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNIVERSITY OF ALASKA<br>    Appellant<br><br>v.<br><br>STEPHEN S. GRAY,<br>    PLAN ADMINISTRATOR<br>        Appellee | § § § § § § § § | BANKRUPTCY APPEAL<br>CIVIL ACTION NO. 05-40130 JLT |
| UNIVERSITY OF TEXAS AT AUSTIN<br>    Appellant<br><br>v.<br><br>STEPHEN S. GRAY,<br>    PLAN ADMINISTRATOR<br>        Appellee | § § § § § § § § | BANKRUPTCY APPEAL<br>CIVIL ACTION NO. 05-40131 JLT |
| FLORIDA STATE UNIVERSITY<br>    Appellant<br><br>v.<br><br>STEPHEN S. GRAY,<br>    PLAN ADMINISTRATOR<br>        Appellee | § § § § § § § § | BANKRUPTCY APPEAL<br>CIVIL ACTION NO. 05-40132 JLT |

**JOINT MOTION TO ABATE APPELLATE BRIEFING SCHEDULE**

The University of Alaska, the University of Texas at Austin, Florida State University ("Appellants" herein), and Stephen S. Gray as Plan Administrator of Dehon, Inc. ("Appellee" herein), appearing through their respective counsel, jointly move to abate the above-referenced bankruptcy appeals and the related briefing schedules. In support of this motion, Appellants and

Appellee would respectfully show the following:

1. In the underlying bankruptcy case, Appellee initiated three separate adversary proceedings against Appellants. Appellee sought to avoid alleged preferential transfers and obtain monetary judgments against Appellants under 11 U.S.C. §§ 547 & 550.

2. Each Appellant filed a motion to dismiss Appellee's complaint in their respective adversary proceedings. As basis for their motions to dismiss, Appellants asserted that the Eleventh Amendment to the United States Constitution prevented the Bankruptcy Court from exercising jurisdiction over Appellants in the adversary proceedings.

3. The Bankruptcy Court heard oral argument at a joint hearing on the motions. After further briefing by the parties, the Bankruptcy Court issued its order and memorandum opinion denying the motions to dismiss. Appellants each filed an appeal from the Bankruptcy Court's order, which appeals have now been docketed in this Court.

4. The issue on appeal in each case is identical: Does a bankruptcy court have jurisdiction in an adversary proceeding to recover a money judgment for an alleged preferential transfer when a state agency asserts its sovereign immunity to suit in federal court pursuant to the Eleventh Amendment to the United States Constitution?

5. The issue on appeal in these appeals is also currently pending before the United States Supreme Court in *Central Virginia Community College v. Katz*, 106 Fed. Appx. 341 (6th Cir. 2004), *cert. granted* 125 S. Ct. 1727 (No. 04-885). In *Katz*, the Liquidating Supervisor, Bernard Katz, for the bankruptcy estate of Wallace's Bookstores, Inc. commenced adversary proceedings against four public institutions of higher education from the state of Virginia. Katz sought a monetary recovery from each of the institutions under 11 U.S.C. § 547 and 550. The Virginia institutions sought

dismissal of the adversary proceedings based on the Eleventh Amendment to the United States Constitution. The Kentucky bankruptcy court denied the motions and the Sixth Circuit Court of Appeal upheld the decision on appeal.

6.  The *Katz* case is scheduled for oral argument in the Supreme Court on October 31, 2005. Given that the Supreme Court is expected to rule on the very issue that is the subject of these appeals, Appellants and Appellee request an abatement of the appeals and related briefing schedules until the Supreme Court issues its decision. This request is not made for purposes of delay but in the interests of justice, fairness, judicial economy and to conserve the litigation resources of all parties to this appeal while the Supreme Court makes its decision.

Wherefore the Appellants and Appellee pray that this Court abate the above-referenced appeals and related appeallate briefing schedules until the U.S. Supreme Court issues its decision in *Central Virginia Community College v. Katz*. Appellants and Appellee also pray that the Court grant to them any further relief to which they may be entitled.

Dated:

_____ (BBO #651383)
PETER BILOWZ
Goulston & Storrs, P.C.
400 Atlantic Avenue
Boston, MA 02110-3333
Tel.: (617) 482-1776
COUNSEL TO THE PLAN ADMINISTRATOR

_____
ERIK LEROY
Erik LeRoy, P.C.
500 L St., Ste 302
Anchorage, Alaska 99501
(907) 277-2006

ATTORNEY FOR UNIVERSITY OF
ALASKA FAIRBANKS

_/s/ John Mark Stern_
JOHN MARK STERN
Assistant Attorney General
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548
Austin, TX 78711-2548
(512) 475-4868/Fax #: (512) 482-8341
John.Stern@oag.state.tx.us
ATTORNEY FOR THE UNIVERSITY OF
TEXAS AT AUSTIN

---

ROBERT B. JURAND
Associate General Counsel
The Florida State University
Suite 424, Westcott Building
Tallahassee, Florida 32306-1400
(850) 644-4440
ATTORNEY FOR FLORIDA STATE
UNIVERSITY

ATTORNEY FOR UNIVERSITY OF
ALASKA FAIRBANKS


_____
JOHN MARK STERN
Assistant Attorney General
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548
Austin, TX 78711-2548
(512) 475-4868/Fax #: (512) 482-8341
John.Stern@oag.state.tx.us
ATTORNEY FOR THE UNIVERSITY OF
TEXAS AT AUSTIN

ROBERT B. JURAND
Associate General Counsel
The Florida State University
Suite 424, Westcott Building
Tallahassee, Florida 32306-1400
(850) 644-4440
ATTORNEY FOR FLORIDA STATE
UNIVERSITY